IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| DAVID LEE SMITH, | * | |
| Plaintiff, | * | |
| vs. | * | CIVIL ACTION 22-00124-CG-B |
| HEATH JACKSON, *et al.*, | * | |
| Defendants. | * | |

**REPORT AND RECOMMENDATION**

Plaintiff David Lee Smith, an Alabama jail inmate proceeding *pro se* and *in forma pauperis*, filed an action under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful consideration, it is recommended that Smith's claim against Defendant Hartly be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

   **I.   Nature of Proceedings.**

The operative complaint in this action is Smith's second amended complaint, which he filed at the Court's directive. (Doc. 16, PageID.97). Smith's original complaint was filed utilizing another court's complaint form. (Doc. 1, PageID.1). Smith was ordered to file his complaint on this Court's complaint form for

a § 1983 action, albeit a first amended complaint, and he did so. (Doc. 3, PageID.9; Doc. 5, PageID.12).

Upon screening Smith's first amended complaint, the undersigned found that it failed to state a claim upon which relief could be granted. (Doc. 3, PageID.9; Doc. 5, PageID.12). Instead of recommending dismissal of the action, the Court granted Smith leave to file a seconded amended complaint for the purpose of stating a claim. (Doc. 12, PageID.51). The undersigned also highlighted the deficiencies in Smith's amended complaint. Specifically, Smith was advised that to state a § 1983 claim against a person, that person must have acted under color of state law when he deprived Smith of a federal right, and that the fact that Defendant Hartly served as Smith's state public defender when he represented him in the underlying criminal proceedings did not establish that Hartly acted under color of state law. (Doc. 3, PageID.9; Doc. 12, PageID.62).

Smith was also advised that his second amended complaint would replace his prior complaint; therefore, he should not rely upon his prior complaint. (Doc. 12 at 2, PageID.51). He was further cautioned him that this action would be recommended for dismissal if he did not comply with the Court's order to timely file a second amended complaint that complied with the pleading standards and corrected the deficiencies highlighted in the Court's order. (Id.

2

at 15, PageID.64).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Smith is proceeding *in forma pauperis*, the Court is reviewing his second amended complaint (Doc. 16) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief

3

above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), cert. denied, 574 U.S. 1047 (2014).  Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  Iqbal, 566 U.S. at 681, 129 S.Ct. at 1951.  In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

In Smith's second amended complaint, he again named Public

Defender Wade Hartly as a Defendant, as well as Heath Jackson, Sheriff of Escambia County, Alabama, and Richard Hetrick, Warden of the Escambia County Jail. (Doc. 16, PageID.100).

According to Smith, his claims against Defendant Hartly are for ineffective assistance of counsel and for a conflict of interest between June 28, 2021 and July 26, 2021. (Doc. 16 at 10, PageID.106). According to Smith, Hartly was negligent in that he failed to advise him that this was the time period for scheduling a preliminary hearing. Additionally, Smith asserts that after he was unable to notify the medical staff of his medical condition, he notified Defendant Hartly of his medical condition, and after two months with no response to his medical concerns and his legal situation, he again contacted Defendant Hartly who told him that the time for his preliminary hearing had expired. (Id.). Smith asserts that during the following months, he received no advice or updates about his criminal case. (Id.). Smith asserts that due to his multiple unsuccessful attempts to contact Defendant Hartly about his criminal case and his medical condition, he felt neglected and felt it was necessary for him to file this action for ineffective assistance of counsel. (Id.).

Smith believes that "Defendants" became aware of this lawsuit against them around May 18, 2022.[1] (Id.). Then, on May 19, 2022,

---

[1] The Court received Smith's complaint on March 22, 2022.

5

Smith received a plea offer from Defendant Hartly for "20 years out of retaliation." (Id. at 10-11, PageID.106-107). Per Smith, Defendant Hartly stated, "first of all, I'm not trying to give you anything." (Id.). According to Smith, at that time, he noticed the charges had been altered to include a charge for distribution of an "uncontrolled [sic] substance," for which he received no legal advice. (Id. at 11, PageID.107). Smith told Defendant Hartly that the plea offer was "unconstitutional" and not in his best interests, because he is not a habitual offender, and it would be a death sentence. (Id.). Smith maintains that Defendant Hartly acted in retaliation because Hartly was "aware of the outstanding lawsuit against him, but . . . negl[ec]ted to remove himself from [Smith's criminal] case due to [a] conflict of interest." (Id.). Smith further asserts that on September 8, 2022, he "inquired of" Defendant Hartly, and that shortly thereafter, on September 12, 2022, he received a letter from the clerk reflecting that Defendant Hartly had been removed. (Id.). Smith asserts that on September 17, 2022, he was released on a signature bond, and ten days later, he was transported to the Lee County Jail. (Id. at 12, PageID.108).

---

(Doc. 1). Subsequently, on May 16, 2022, the undersigned entered an order that was sent to Smith and to the Warden of the Escambia County Jail regarding Smith's request to proceed *in forma pauperis*. (Doc. 7, PageID.27).

Smith's allegations against Defendant Hartly clearly arise from Defendant Hartly representation of him in the underlying state criminal proceedings. As noted *supra,* Smith seeks to assert claims against Defendant Hartly for ineffective assistance of counsel and conflict of interest. In the Court's order dated October 4, 2022, Smith was previously advised that to state a § 1983 claim, a person/defendant must be acting under color of state law when the deprivation of the plaintiff's federal rights occurs and that a public defender does not act under color of state law. (Doc. 12 at 13, PageID.62). The court further advised Smith that for these reasons, he failed to state a § 1983 claim against Defendant Hartly in his first amended complaint. (Id.).

The law in this area has not changed, that is, "[a] successful section 1983 action requires a showing that the conduct complained of (1) was committed <u>by a person acting under color of state law</u> and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1130 (11th Cir. 1992) (emphasis added). The law is also well settled that in a § 1983 action, a criminal defense counsel, whether retained or court-appointed, does not act under color of state law in the absence of a conspiracy. <u>Polk Cnty. v. Dodson</u>, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (public defender); <u>Slavin v. Curry</u>, 574

7

F.2d 1256, 1264 (5th Cir.) (retained counsel), overruled on other grounds by Sparks v. Duval Cnty. Ranch Co., 604 F.2d 976 (5th Cir. 1979). But see Tower v. Glover, 467 U.S. 914, 920, 104 S.Ct. 2820, 2824, 91 L.Ed.2d 758 (1984) (a private person may act under color of law "when engaged in a conspiracy with state officials to deprive another of federal rights"); Hunt v. Bennett, 17 F.3d 1263, 1268 (10th Cir.) (the conclusory assertion of a conspiracy with state actors was unsupported by facts showing communication, agreement, or meeting of minds and therefore failed to demonstrate that the public defender was acting under color of state law), cert. denied, 513 U.S. 832 (1994).

In Polk County, the Supreme court ruled that "[e]xcept for the source of payment, the[] [relationship of public defender and criminal defendant is] identical to that existing between any other lawyer and client." 454 U.S. at 318, 102 S.Ct. at 318. The Court noted that a defense lawyer within our legal system is obligated to be a personal counselor and advocate for his client in opposition to the State's representatives. Id. at 318, 102 S.Ct. at 450. By advancing a client's interests, and "not by acting on behalf of the State or in concert with it," the Court reasoned, the defense lawyer best serves the public's interest of truth and fairness. Id. Thus, the Court determined that a public defender does not act under color of state law as he performs "essentially

8

a private function, traditionally filled by retained counsel, for which state office and authority are not needed." Id.

In the present action, Smith does not allege that Defendant Hartly acted under color of state law, nor do his factual allegations show that Defendant Hartly acted under color of state law. Thus, Defendant Hartly was not acting under color of law in his dealings with Smith. Accordingly, the undersigned finds that Defendant Hartley is due to be dismissed from this action for the failure to state a claim against him upon which relief can be granted.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that that the claim against Defendant Hartly be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties

should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary, in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **17th** day of **January, 2023.**

                                        **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**